UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
**JENNIFER STEPHANIE BROWN**

**BANKRUPTCY CASE NO.: 11-80625**

Debtor.

**CHAPTER 13**

**JENNIFER STEPHANIE BROWN,**

Plaintiff,

**ADVERSARY PROCEEDING CASE NO.:**_____

v.

**JURY TRIAL DEMANDED**

**FREEDOM MORTGAGE CORPORATION,**

Defendant.

**COMPLAINT**

## I.  INTRODUCTION

1. This action is brought by Plaintiff Jennifer Stephanie Brown against Defendant Freedom Mortgage Corporation ("Freedom") for violations of the Bankruptcy Code. 11 U.S.C. § 101 *et seq.*

## II.  JURISDICTION

2. This is a core proceeding, as that term is defined by 28 U.S.C. §157(b)(2), in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code, and other applicable federal law. To the extent the Court may find this to be a non-core proceeding, the Plaintiff consent to the entry of a final order in this matter by the Bankruptcy Court, in accordance with 28 U.S.C. §157(c)(2).

3. This Court has jurisdiction to enter a final and dispositive order in this matter under the decision in *Budget Services Co. v. Better Homes of Virginia*, 804 F.2d 289 (4th Cir. 1986).

4. This Bankruptcy Court has both personal and subject matter jurisdiction to hear matters herein raised pursuant to 28 U.S.C. §§ 157(b)(2) and 1334, and pursuant to the Local Rule 82.11 of the United States District Court for the Middle District of North Carolina, in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

5. Venue is proper as all relevant events occurred here.

### III. PARTIES

6. Plaintiff Jennifer Brown is an individual that lives in Durham, North Carolina.

7. Ms. Brown has a mortgage account serviced by Freedom.

8. Defendant Freedom Mortgage Corporation is a mortgage servicer located in Mount Laurel, New Jersey. Freedom maintains a registered agent in Raleigh, North Carolina.

### IV. FACTUAL ALLEGATIONS

9. At all times relevant hereto, Ms. Brown was owner of record of certain real property located at 111 Knightwood Drive, Durham, North Carolina (the "Property"). She continues to reside at the Property, where she has resided for several years.

10. Ms. Brown has had a residential mortgage account with Freedom for several years ("the Account").

11. Prior to her bankruptcy, Ms. Brown was unable to consistently make timely monthly payments toward the Account.

12. On April 15, 2011, Ms. Brown filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code ("the Petition"). Docket # 1.

13. Trustee Richard M. Hutson II was duly appointed as Standing Trustee.

14. On July 6, 2011, this Court entered an order confirming the proposed plan ("Confirmation Order"). Docket # 16.

15. The Confirmation Order required the Trustee to disburse ongoing monthly payments of $950.33 to Freedom.

16. On July 14, 2011, attorney Sean M. Corcoran gave notice of his appearance as attorney for Freedom. Docket # 17.

17. On August 5, 2011, Mr. Corcoran, on behalf of Freedom, filed a proof of claim, asserting a security interest against the Property. Proof of Claim # 15.

18. Freedom's Proof of Claim # 15 included an arrearage claim of $9,799.92. Proof of Claim # 15-1 Par 2, Page 1.

19. Freedom's Proof of Claim # 15 stated that the then-most recent monthly payments were $923.85. Proof of Claim # 15-1 Par 2, Page 2.

20. On May 4, 2015, Freedom filed Notice of Mortgage Payment Change, indicating that, due to a then-recent escrow analysis, the new total monthly payment would be $936.47 beginning July 1, 2015.

21. On May 12, 2015, Trustee Hutson filed a Motion and Notice requesting that Freedom's Claim # 15 be amended to provide for a monthly payment $936.47 effective July 2015. Trustee Hutson's motion stated that any interested party who has an objection to the motion must file a written objection. Docket # 32.

22. Trustee Huston's motion was served by U.S. Mail on Freedom Mortgage and by email on Freedom's attorneys Sean Corcoran and Daria Barrett. Docket # 33.

23. On June 19, 2015, in response to Trustee Hutson's motion to amend Freedom's Claim # 15, this Court, noting that no objection had been filed, ordered that Freedom's claim be amended to provide for monthly payments in the amount of $936.47 effective July 2015. Docket # 34.

24. On July 5, 2016, Ms. Brown's counsel filed an objection to Freedom's pre-petition

arrearage claim ("the Objection to Claim"), specifying objections to various fees claimed by Freedom within its arrearage claim detailed in Claim # 15. The Objection to Claim was served on, among others, Freedom and its attorney Daria Barrett. Docket # 45.

25. On July 6, 2016, the Office of the Clerk of this Court notified the debtor, creditor, and other parties in interest that a hearing on the Objection to Claim would be held on August 18, 2016. Docket # 46. The notice of hearing was served by U.S. Mail on Freedom Mortgage and by email on Freedom's three attorneys Sean Corcoran, Daria Barrett, and Neil Jonas. Docket # 46.

26. On August 18, 2016, a hearing was held on the Objection to Claim. Counsel for debtor appeared, as well as Trustee Hutson. No person appeared on behalf of Freedom, nor did Freedom file a response to the Objection to Claim. Docket # 50.

27. On September 2, 2016, this Court, expressly finding that Freedom had been duly served with the Objection to Claim and properly provided with notice of hearing, sustained the Objection to Claim in the amount of $773.15, and allowed attorney fees of $250.00 to Ms. Brown's counsel, for a total reduction of Freedom's pre-petition arrearage claim of $1,023.15 ("the Order Sustaining Objection"). Docket # 50.

28. The Order Sustaining Objection was served by U.S. Mail on Freedom Mortgage and by email on Freedom's attorneys Sean Corcoran and Neil Jonas. Docket # 51.

29. On December 12, 2106, attorney S. Troy Staley gave notice of his appearance as attorney for Freedom. Docket # 52.

30. Ms. Brown made all payments required of her during her Chapter 13 plan.

31. On January 13, 2017, pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), Trustee Hutson filed his Notice of Final Cure Payment regarding the claim held by Freedom, indicating that the Monthly Ongoing Mortgage Payment was paid through the Chapter 13 conduit,

and that the $9,715.70 arrearage claim had been paid in full. In line with Fed.R.Bky.P. 3002.1(g), the Notice of Final Cure Payment stated that the creditor (Freedom) must file and serve a statement as a supplement to the proof of claim, indicating whether it agrees that the Debtor has paid in full the amount required to cure th default on the claim, and whether the debtor is otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5). Docket # 53.

32. In the Certificate of Service attached to the Notice of Final Cure Payment, Trustee Hutson certified that the Notice of Final Cure Payment was served by mail on, among others, Freedom and by electronic service on its attorney Neil Jonas. Docket # 53.

33. On February 2, 2017, Freedom, through its attorney S. Troy Staley, filed a Response to Notice of Final Cure Payment. Therein, Freedom stated that it agreed that the Ms. Brown had pain in full the amount required to cure the pre-petition default on its claim. Freedom also stated that Ms. Brown was "current with all post-petition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs." Freedom stated further that "The next post-petition payment from the debtor(s) is due on: 1/1/2017   Please note that once the Trustee's 01/31/2017 disbursement is posted to the account, the loan will be due for 02/01/2017. Creditor has not yet received the most recent disbursement." Docket # 55.

34. On March 7, 2017, Trustee Hutson filed a Notice of Completion of Chapter 13 Plan. Docket # 56.

35. On April 24, 2017, this Court granted Ms. Brown's Motion for Entry of Discharge, Docket # 60, and entered an Order of Discharge. Docket # 61. The Order of Discharge was served by mail on, among others, Freedom at three addresses and its attorney Sean Corcoran, as well as electronically on Sean Corcoran, Neil Jonas, and S. Troy Staley. Docket # 65.

36. On April 26, 2017, Trustee Hutson filed his Chapter 13 Standing Trustee's Final

Report and Account ("Final Report"). The Final Report stated, among other things, that Freedom had been paid $9,700.62 (arrearage as described above, as reduced by the Order Sustaining Objection) and $63,074.20, for a total of $72,774.82.

37. On February 6, 2017, Trustee Hutson's office had mailed a letter to Ms. Brown. The letter instructed Ms. Brown to begin making payments directly to Freedom beginning March 1, 2017, in the amount of $936.47.

38. On April 26, 2017, S. Troy Staley filed, on behalf of Freedom, a Notice of Mortgage Payment Change, indicating that, due to a then-recent escrow analysis, the new total monthly payment would be $922.20 beginning June 1, 2017.

39. Ms. Brown has made all required payments since she received Trustee Hutson's February 6, 2017, letter instructing her to do so. Her payments changed in amount in response to the notice of mortgage payment change filed on April 26, 2017.

40. Near the end of June Ms. Brown called Freedom to inquire about the Account. She was told that there was an amount of credit on the Account that was less than a full monthly payment, and that the difference was $73.92. Ms. Brown was told to send $73.92 to add to the credit to total a full monthly payment. Ms. Brown did so.

41. After the Order of Discharge and while Ms. Brown has continued to make timely payments to Freedom, on numerous occasions Freedom has attempted to collect the amounts from Ms. Brown that derive from her pre-petition payments and/or Trustee Hutson's post-petition payments.

42. Freedom has sent Ms. Brown statements claiming false and exorbitant past-due balances.

43. Upon information and belief, Freedom furnished inaccurate credit information to

credit reporting agencies regarding Ms. Brown.

44. In the many months since Ms. Brown's discharge, Freedom has not corrected the Account. Freedom has repeatedly made threats against Ms. Brown's home.

45. When Ms. Brown received her discharge, she felt significant relief. She had trusted the legal system to provide a fresh start and the return of her mortgage status to "current" in exchange for her dutifully making required payments over five years and following all orders of this Court.

46. Instead, Ms. Brown has suffered at the hands of Freedom. She has been threatened. Freedom has caused her to feel hopeless, anxious, distraught, and forsaken.

47. Freedom's actions have caused Ms. Brown to suffer sleepless nights.

48. While at her place of employment, Ms. Brown's experience with Freedom has had sudden outbursts of tears, which have severely affected her ability to perform her job duties.

49. Freedom's actions have caused Ms. Brown to have unusually short patience and temperament.

50. Freedom's actions have caused Ms. Brown to be afraid to answer her own telephone.

51. Freedom's actions have caused Ms. Brown to have difficulty performing her general, day-to-day rituals, such as church functions or housekeeping.

52. Freedom's actions have caused Ms. Brown to have numbness in her arms. In order to help the numbness, Ms. Brown has been forced to undergo a regimen of prescription and over-the-counter neuromuscular pain medications.

53. Freedom's actions have even caused Ms. Brown to have sudden muscle spasms when she thinks about the fact that she has no control over Freedom's actions.

54. Freedom's actions have taken a significant toll on Ms. Brown's health.

55. Freedom's actions have taken a significant toll on Ms. Brown's outlook on life.

56. Despite the Account being current, Freedom has left door-hangers, which indicates to any neighbor or passerby that happens to see it that something is going on with Ms. Brown.

57. During and after Ms. Brown's Bankruptcy, Freedom acted with conscious and intentional disregard of, and indifference to, the rights of Ms. Brown and others, the Bankruptcy Code, and orders of the Bankruptcy Court, which Freedom knew or should have known was reasonably likely to result in injury, damages, or other harm.

58. Ms. Brown has suffered, among other maladies described or identified above, emotional and physical distress from Freedom's repeated attempts to collect past-due amounts and threats of foreclosure, which violate 11 U.S.C. § 524.

59. Ms. Brown is entitled to recover damages from Freedom, both actual and punitive, and is further entitled to recover her costs and reasonable attorney's fees, pursuant to 11 U.S.C. § 105(a) and 362(k).

60. Upon information and belief, it is Freedom's pattern and practice to fail to account payments correctly during a Chapter 13 Plan, or otherwise to violate the discharge injunction and the Bankruptcy Code.

61. Ms. Brown received letters, correspondence, telephone calls, and other communications from Freedom that are not described herein.

62. Ms. Brown demands a jury trial over all claims asserted herein.

## V. COUNT I - 11 U.S.C. § 362

63. Plaintiff incorporates herein all previous allegations.

64. During the bankruptcy, Freedom inaccurately applied payments to months other than the month in which the payment was designated. *See* Confirmation Order,¶ 27-b.

65. Freedom acted act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title, in violation of 11 U.S.C. § 362(a)(6).

66. Freedom's actions constituted a willful violation of the automatic stay.

WHEREFORE, Jennifer Brown requests that judgment be entered in her favor and against Freedom Mortgage Corporation for:

1. Actual damages, pursuant to 11 U.S.C. § 362(k);

2. Punitive damages, pursuant to 11 U.S.C. § 362(k);

3. Costs and attorney fees, pursuant to 11 U.S.C. § 362(k); and

4. Such other relief this Court may deem to be just and proper.

## VI. COUNT II - 11 U.S.C. § 524/§ 105

67. Plaintiff incorporates herein all previous allegations.

68. Ms. Brown made all payments required during their Chapter 13 plan, and Trustee Hutson made all payments related to the Account.

69. Ms. Brown has made all required post-petition payments related to the Account.

70. Freedom failed to accurately apply the Chapter 13 Trustee payments during the pendency of Ms. Brown's Chapter 13 Plan and inaccurately applied post-petition payments. Freedom's actions have resulted in improper accounting of Ms. Brown' Account, as well as subsequent demands for payment in violation of Ms. Brown' discharge injunction.

71. Ms. Brown' Discharge Order was served on Freedom. As a result, Freedom had notice and knowledge of Ms. Brown' Discharge Order, which was in Ms. Brown' favor.

72. Freedom was or should have been aware of the Chapter 13 Plan completion and discharge injunction. Freedom's repeated requests for payment of phantom past-due amounts from Ms. Brown, as well as its many threats of foreclosure, are willful violations of the Discharge Order.

73.	As a result, Ms. Brown has suffered, among other maladies described or identified above, physical and emotional distress from Freedom's repeated attempts to collect past-due amounts and repeated threats of foreclosure, which violate 11 U.S.C. § 524(a)(2).

74.	Ms. Brown is entitled to recover damages from Freedom, both actual and punitive, and is further entitled to recover her costs and reasonable attorney's fees, pursuant to 11 U.S.C. § 105(a).

75.	It is Freedom's pattern and practice to fail to account payments during and after a Chapter 13 plan, or otherwise to violate the discharge injunction and the bankruptcy code.

76.	It is Freedom's pattern and practice to act in clear disregard for the rights of Ms. Brown and others as well as of the Bankruptcy Code and Bankruptcy Court orders.

WHEREFORE, Jennifer Brown requests that judgment be entered in her favor and against Freedom Mortgage Corporation for:

1.	Actual damages, pursuant to 11 U.S.C. § 105(a);

2.	Punitive damages, pursuant to 11 U.S.C. § 105(a);

3.	Costs and attorney fees, pursuant to 11 U.S.C. § 105(a); and

4.	Such other relief this Court may deem to be just and proper.

November 22, 2017	LAW OFFICES OF JOHN T. ORCUTT, P.C.

/s/ Craig M. Shapiro
Craig M. Shapiro
Attorney for Plaintiff
1738 Hillandale Road, Suite D
Durham, North Carolina 27705
Telephone: (919) 286-1695
Fax: (919) 286-2704
Email: cshapiro@johnorcutt.com
State Bar No. 48887